JOSEPH FINK *et al.*, Respondents, v. O. L. REMICK *et al.*, Appellants.

Kansas City Court of Appeals, February 4, 1889.

1. **Judgment in Mechanic's Lien.** A judgment in a mechanic's lien case, which is against the debtor defendants, and then directs, if no property of such debtors sufficient to satisfy said debt and costs be found, that the same or the residue thereof be levied upon and made out of the real estate therein described, is sufficient under Revised Statutes, sections 3185, 2336 and 3184.

2. ————: EXECUTION : NOTICE OF SALE. That the sheriff's advertisement proposes to sell the interest of the debtor defendants in the real estate when they have no interest cannot prejudice the rights of the land-owner.

3. ————: ————: SHERIFF'S RETURN : MOTION TO QUASH. As the execution was returnable in January, 1888, and the sale advertised for December, 1887, and the sheriff is not required to make return on an execution prior to the time it is made returnable, defendant's motion could not, at the date of its filing, question a return not then made or authorized to be made.

4. ————: ————: MOTION TO QUASH. Where a motion to quash execution was made by the land-owner, on the ground that the sheriff should have first made effort to satisfy the execution out of the property of the debtor defendants, and failing in that, he would then, for the first time, have had authority to enforce the special clause therein against the real estate charged with the lien, such motion should be overruled, in the absence of allegations therein and supporting evidence, that sufficient property of the debtor defendants could be found to satisfy the execution, or part thereof.

Fink v. Remick.

5.  ——— : ——— : ——— : REMEDY.  It is suggested but not decided, that when the failure of the sheriff deprives him of the jurisdiction to sell, and, notwithstanding he does sell, then certainly the motion to set aside the sale would be a safe and appropriate remedy ; but if the irregularity is not jurisdictional, then the remedy of defendant whose property is charged with the lien is by proper motion before sale to quash, alleging the sheriff 's refusal to take the property of debtor subject to the execution of which he had knowledge.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

THE following is the execution referred to in the opinion : "The state of Missouri, to the sheriff of Jackson county, greeting.   Whereas, Joseph H. Fink and John H. Schmidt, on the twenty-ninth day of October, A. D. 1887, at our circuit court of Jackson county, at Kansas City, hath recovered judgment against O. L. Remick and John M. Stone for the sum of three hundred and forty-five 40-100 ($345.40-100) dollars which to the said Joseph H. Fink and John H. Schmidt was adjudged as aforesaid and also for their costs, which said judgment is a special judgment in words and figures as follows, to-wit : This cause is submitted to the court and the court finds the allegations in the petition to be true and that defendant O. L. Remick and John M. Stone owe and are indebted to plaintiffs as set forth in the petition for the material had and used by them on five (5) two-story buildings on lots three (3), four (4), and five (5), on block eight (8), Rice's addition to Kansas City, Missouri, owned by Robert H. Hunt, for whom said Remick and Stone erected said buildings under a contract therefor with said Hunt, and further finds that plaintiffs have done all things required to secure a statutory lien for said debt on said property. It is therefore considered and adjudged that plaintiffs have and recover of O. L. Remick and John M. Stone,

VOL. xxxiii—40

three hundred and forty-five 40-100 dollars for their debt, together with the costs of this suit, and if no property of said Remick and Stone sufficient to satisfy said debt and costs be found, that the same or the residue thereof be levied upon and made out of lots three (3), four (4), and five (5), block eight (8), Rice's addition to the City of Kansas, Jackson county, Missouri. These are therefore to command you that of the goods, chattels and real estate of the said O. L. Remick and John M. Stone, you cause to be made the sum aforesaid adjudged against them, together with the costs, and if no sufficient property of the said Remick and Stone can be found out of which to make the aforesaid judgment, you cause to be made out of the property charged with the lien thereof as aforesaid owned and claimed by R. H. Hunt and that you have the same before the judge of our said court on the first day of next January term thereof to satisfy the judgment and costs aforesaid and that you certify how you executed this writ. Wherefore, L. F. McCoy, clerk of our said court hath the seal thereof hereto affixed at office in Kansas City, this sixteenth day of November, A. D. 1887. L. F. McCoy, clerk, by D. M. McClanahan, deputy clerk."

*Crysler & Kenyon*, for appellant.

(1) The mechanic's lien law in cases of· this kind contemplates that the land-owner (who owes no obligation to the man who has contracted with the original contractors and has a general judgment against them), may, by inspecting the execution and proceedings, know that a legal effort and attempt has been made to satisfy the execution out of the property of the real debtors and that such effort and attempt has failed, which must appear on the return of the sheriff, before he is required to pay the debt or submit to his land being sold to satisfy such execution. R. S. secs. 2338, 2340, 2744, 3184, 3185, 3186 ; *Fink v. Alderson*, 20 Mo. App. 364 ; Cocker

on Sheriffs, sec. 42c; 20 Wend. 622; 3 Sandf. 679; 5 How. Pr. 396. (2) The judgment is erroneous for another reason. The judgment should not direct a sale of the land upon which the buildings are situated or any part of it, but only the right, title and interest which the defendant has in it, as it was not the intention of the legislature to authorize the sale of property belonging to other persons to pay the debt contracted by the owner of the building in its construction. R. S. secs. 3180, 3173, 3184; *Gould v. Garrison*, 48 Ill. 258; *Dewey v. Fifield*, 2 Wis. 82; *Eaglesoot v. Clark*, 2 E. D. Smith, 657; Philips on Mech. Liens, sec. 463.

*M. Campbell*, for respondent.

Cited the following: R. S. sec. 3557; *Wellshear v. Kelley*, 69 Mo. 434; *Morton v. Reed*, 6 Mo. 63; *Fink v. Alderson*, 20 Mo. App. 364; R. S., secs. 3175, 3184, 3185.

SMITH, P. J.—Defendant Hunt filed a motion in the circuit court, the object of which was to vacate the judgment which had been rendered in the cause and to quash the execution issued thereon with the levy and advertisement made in pursuance thereof, alleging as his grounds therefor: (1) that the judgment was irregular on its face in that it was not a valid *fieri facias* against defendants Remick and Stone; (2) that there was a fatal variance between the advertisement and levy and the execution upon which the same were based, and (3) that the execution was issued upon a void and irregular judgment and erroneously commanded the sheriff to make the same out of the land described in the special clause thereof, only after failure so to make the same out of the defendants Remick and Stone, which had not been done.

I. Section 3185, Revised Statutes, provides that the judgment in cases of this kind, if for the plaintiff, shall be against such debtor as in ordinary cases (sec. 2336), with the addition that if no sufficient property of

the debtor can be found to satisfy such judgment and costs of suit, then the residue thereof be levied of the property of the defendant charged with the lien therefor, as provided in section 3184. We think that the judgment, as recited in the execution, when examined in connection with the statutory provisions just referred to, will be found not subject to defendants' objection. It sufficiently meets the requirements of the statute, both in form and substance.

II. The sheriff's advertisement showed that he proposed to sell "all the right, title, interest and estate" of the defendants in and to said real property to satisfy said execution. It may have been true that defendants Remick and Stone had no "right, title, interest and estate" in said real property, and if so, it is quite difficult to perceive how such an advertisement and proposed sale would have in any way prejudiced the rights of the defendant Hunt, for it was a matter about which he need have no concern.

III. The execution upon its face was made returnable to the January term, 1888, of the circuit court of Jackson county. The sheriff's advertisement gave notice that he would sell the right, title, interest and estate of the defendants on the fourteenth day of December, 1887, which was prior to the return day of the execution. There is no statutory provision requiring a sheriff to make return on an execution prior to the time it is made returnable on its face. The defendant could not tell what the return of the sheriff would be on said execution. His motion could not, at the date of its filing, question a return not then made, or authorized to be made. The defendants' contention is, that, under the statute, it was the duty of the sheriff to have first made an effort to satisfy the execution out of the property of the debtor defendants, and failing in that, he would have then, for the first time, had authority to enforce the special clause therein against the real estate charged with the lien.

There was no allegation in the motion or evidence adduced in support thereof showing that sufficient property of the defendant debtors could have been found by the sheriff to satisfy said execution or any part thereof.

A sheriff is bound to use in all cases reasonable diligence in searching for property. If he has knowledge of such property, no matter how obtained, it would be his duty to take such property in execution to satisfy the same.

This is the rule in actions for false return against a sheriff. *Fisher v. Gordon*, 8 Mo. 381; *Stevenson v. Judy*, 49 Mo. 227. And no doubt the same rule would govern a sheriff in a case like this.

It might be that, upon an affirmative showing that a sheriff had wilfully or negligently refused to take in execution property of a defendant debtor of which he had knowledge under circumstances like in the present case, that a court would arrest his action in making sale of the property specially charged with the lien.

The presumption is always indulged that a sheriff has done his duty, but it may be overcome in a proper case by evidence. If the effort and failure of a sheriff to satisfy his execution out of the property of the defendant debtor is a condition precedent to the rightful exercise of the power to enforce the special clause therein, as defendants insist, then we think that the proper time to raise this objection would be after the return of the sheriff on motion to set aside the sale.

Should the failure of the sheriff have the effect to deprive him of his jurisdiction to sell at all, and notwithstanding he does sell, then certainly the motion to set aside the sale would be a safe and appropriate remedy. But if the irregularity on the part of the sheriff is not jurisdictional, and does not go to the extent of depriving him of his power of sale, then the remedy of the defendant, whose property is charged with the lien, is by proper motion before the sale to quash the levy

and notice of sale, alleging that the sheriff had refused to take in execution property of the defendant debtor of which he had knowledge and out of which the execution or some part thereof could have been satisfied, or it may be that in such case the injunctive process of the court might be invoked with success.

While none of these questions are now properly before us for decision, we have been influenced to say what we have more for the purpose of showing that the grounds of defendants' motion which we have last been considering, if not untimely urged, were at least insufficient in substance.

After a rather diligent exploration of the record before us, we have been unable to discover any error prejudicial to defendant Hunt, therefore, the other judges concurring, the judgment of the circuit court *is* affirmed.