NOV. TERM.
1839.

M. R. & H.
Sweeney
vs.
Willing.

SWENfl vs. WILLING.

Appeal from the Circuit Court of St. Louis county.

1. Where a demurrer was filed to the declaration, but no judgment entered on the demurrer and issue afterwards joined on a plea to the action, the Supreme court will presume that defendant withdrew his demurrer.

2 Where a bill of exchange, drawn by plaintiff on defendant, the consideration of which was goods sold and delivered &c. was protested for non payment, the amount due may be recovered in an action o assumpsit for goods sold &c.

Opinion of the court delivered by Thompkins Judge.

The appellees plaintiffs in the circuit court, sued Willing in assumpsit, the declaration contained three counts.

The first special and the two others general. In the first they state, that they made their bill of exchange directed to the defendant, and thereby requested him to pay to one Alexander Rogers or order the sum of seven hundred and eighty eighty dollars and sixty nine cents; that the defendant accepted the bill but failed to pay, and it was returned to the plaintiffs. The second count is for goods, Wines &c. sold and delivered to the defendant to the same amount viz: $788 69. The third is the same amount of money due on an account stated. Judgment was given in the circuit court for the plaintiffs, and to reverse that judgment the defendant appealed to this court.

The bill of exceptions shows that Thomas Young a witness in the cause proved that he was in the service of the plaintiffs, and as their agent sold to the defendant certain articles, in the witnesses deposition mentioned, and furnished the defendant with a bill of the same, that the plaintiffs drew the bill in the first count mentioned on the defendant for the amount of the goods sold him as before stated, the bill was endorsed by Rogers and sent on to St. Louis for collection through the Northwestern Bank of Virginia and was returned protested to the Northwestern Bank, and was paid by the plaintiffs; he further states that the endorsement made by Rogers, was for the accomodation of the plaintiffs and that he had no interest in the bill, and that plaintiffs at the time were bonafide holders of the bill. Rogers testified also that he never had any interest, and that he merely endorsed &c. for the accommodation of the plaintiffs.

A witness produced on the part of the defendant appel- <span></span>NNV. TERM.
lant here state that he was paying teller in the agency of <span></span>1839.
the commercial Bank of Cincinnatti established at St. Lou- <span></span>M. R. & H.
is.   That the bill of exchange had been put into the posses- <span></span>Sweeney
sion of the said agency for the purpose of collection, that the <span></span>vs.<br>Willing.
defendant called at the agency on the day the bill became
due just before the doors were closed with a bundle of bank
bills in his hand and observed to the witness that he came to
take up the bill, not wishing it to be dishonored; that he
took the bank bills and counted them over, separating such
as were received in bank from such as were not, and put
both parcels on the counter and that he made the figures
530 on the back of the bill of exchange shown him by the
defendants counsel, this was the amount of the money which
was bankable, that he received none of it, it not being the
custom in that agency to receive less than the whole amount
in such cases, and that he does not know what became of
either parcels of the said bank bills.   It was in evidence that
the notary public on the authority of the defendant alone
stated in the protest that five hundred and thirty dollars of
the money due on the bill had been paid.   The apellant as- Where 'a de-
signed for error that the court overruled a .demurer which ed to the de-
he had filed to the declaration.   No judgment was entered claration but
up for the plaintiff on the demurer, if one had been entered entered on
there would have been an end of the cause in the circuit and issue al-
curt, and the cause would have came into this court on is- ed on a plea
sue of law.   But the defendant prayed leave to plead and to the action;
pleaded a general issue and a verdict being found against will presume
him, and judgment entered up thereon, he must be supposed that defend-
to have withdrawn his demurer, and it only remains for this his demurrer.
court to enquire whether there was any one count in the de-
claration on which a finding for the plaintiff could be had.
The first count according to the rule in 2d Phillips p. 31 and
32, would have been good if the plaintiff had averred that
the bill had been returned to them and that they as draw-
ers were obliged to pay.   I am inclined to believe it would
have been equally as well to have averred (which was prov-
ed) that the bill belonged to them.

The plaintiff, from the evidence given might in my opin-

NOV. TERM
1839.

M. R. & H.
Sweeney,
vs
Willing.

Where a bill of exchange drawn by plaintiff on defendant the consideration of which was goods sold and delivered &c. was protested for non payment, the amount due may be recovered in an action of assumpsit for goods sold &c.

ion, well recover on either the second count for goods &c. sold and delivered or on the third for account stated.

It was also assigned for error that the circuit court refused a new trial.

The circuit court instructed the jury that if they should be of opinion that the sum of five hundred and thirty dollars was actually received by the paying teller and not returned to the defendant, they should credit the defendant by this sum, but if they should be of opinion that it was not so received, or if received, was returned to the defendant, they ought not to credit the amount thereof to the defendant. The jury undoubtedly had evidence enough before them to justify them in finding for the plaintiff. The instruction given by the court was, as full and favorable for the defendant as could he reasonably asked.

The defendant also objected to Rogers as a witness rendered in competent by interest. The testimony of witness Young in the first instance, and of Rogers in the second, shows plainly that he Rogers had no interest in the subject matter of litigation.

For the reason above given the judgment of the circuit court is affirmed.

Note.—The points and citation of authorities by council, were not sent by the clerk to the reporter with the decisions of this term.