MOONEY, Respondent, *vs.* KENNETT, Appellant.

1. Under the code, where several causes of action are united, each one must be separately stated. (*Childs* v. *Bank of Mo.*, 17 Mo. Rep. 213, affirmed.)
2. Where several causes of action are joined in one petition, there should be a separate assessment of damages or verdict in each cause. A general verdict for the plaintiff, it seems, will not stand, if one of the causes of action, as stated, is insufficient to support a judgment.
3. Where several causes of action are blended in violation of the rules of pleading, the proper way of correcting the irregularity would seem to be by motion to compel an election.
4. An erroneous instruction, as to damages for an assault and battery.
5. In an action for a wrongful prosecution, a petition which omits to state that the prosecution was malicious, and that the plaintiff was acquitted, is insufficient.
6. Courts do not take judicial notice of city ordinances. If a party relies on an ordinance, he should set it out in his pleading.

*Appeal from St. Louis Law Commissioner's Court.*

The petition stated that the defendant assaulted and laid violent hands upon the plaintiff, and " wrongfully, illegally and unjustly caused him to be arrested by a police officer of the city of St. Louis, under a pretended charge of having violated a city ordinance," whereby he was compelled to give bail for his appearance or be imprisoned in the calaboose ; and that the defendant, " wrongfully, injuriously and oppressively, illegally and unjustly caused two separate charges to be made and prosecuted against the plaintiff for alleged violations of city ordi-

nances," &c. The plaintiff claimed damages to the amount of one hundred dollars. No malice was alleged, nor was it alleged that the plaintiff was acquitted of the charges.

The defendant answered, denying the allegations of the petition. He stated that, at the time of the injuries complained of, he was mayor of the city of St. Louis, and as such, chief of its police, and that he found the plaintiff in what he then believed and still believes to be a violation of a city ordinance, and remonstrated with him, whereupon the plaintiff shook his fist at him and threatened to knock him down; that he afterwards laid the matter before the captain of the city guard, to take such steps as might secure an observance of the city ordinances. He denied that he was actuated by any malice towards the plaintiff, or by any other motive than a desire faithfully to discharge his official duties.

At the trial, there was evidence tending to show that the plaintiff was driver of an express wagon, which he left standing in a street, in such manner as to obstruct a crossing, and that the defendant came to him in a store, where he was delivering a parcel, and requested him to remove his wagon. Plaintiff replied that he would in a moment. Defendant told him to do it immediately, and laid his hands upon his coat collar. After some words, plaintiff drove off and was afterwards arrested.

The defendant offered to read in evidence a city ordinance, prohibiting the obstruction of streets by vehicles, under a penalty; also an ordinance imposing a penalty for resisting officers in the discharge of their official duties. The court excluded these ordinances, on the ground that they were private statutes, and had not been properly pleaded or referred to as such.

Among other instructions, one was given which is set out in the opinion of the court.

There was a general verdict for the plaintiff for the sum of fifty dollars, and the defendant appealed.

*Glover & Richardson* and *C. G. Mauro*, for appellant.
1. The petition fails to state the facts necessary to constitute

a cause of action for a malicious prosecution. 2. The court erred in refusing to permit the defendant to read in evidence the city ordinances. The 13th section of the 7th article of the code does not require a party to notice, in his pleading, a private statute intended to be used merely as evidence. *Sexton* v. *Monks*, 16 Mo. Rep. 156.

*A. M. Gardner*, for respondent.

Scott, Judge, delivered the opinion of the court.

1. It would seem from the petition, that this is a suit for a wrongful arrest and prosecution and an assault and battery. There are two causes of action joined, or rather mingled together, in violation of the rules of pleading, as determined by this court, in the case of *Childs* v. *The Bank of Mo.*, 17 Mo. Rep. 213, and of the forms of pleading, as prescribed in the precedents appended to the present practice act. Those precedents show that, while many causes of action may be joined in one petition, yet each is to be set out separately and apart from the others, with its appropriate prayer for relief — a course indispensably necessary, it would seem, to avoid inextricable confusion. No effort was made by the defendant to relieve the pleadings of this embarrassment, but the parties went to trial, trying both causes of action at one and the same time, as appears by the record, and taking but a single assessment of damages. If the parties will not properly prepare their pleadings in the courts in which their causes are first tried, they cannot expect a reformation of them in this court. Its powers are not competent to such an undertaking. No such authority is entrusted to it. It must take the record as it is, and affirm or reverse the judgment, as is warranted by the principles of law. The presumption is in favor of the correctness of the judgment of the inferior court, and if there is enough in the record to sustain it, it must be affirmed.

2. It was a provision of the late code of procedure, that where there are several counts in a declaration, and entire dam-

LAW LIBRARY

.ages were given, the verdict should be good, notwithstanding one or more of the counts should be defective. If the present practice act is properly administered, such a state of things cannot arise under it. If, however, under the present act, two distinct causes of action are blended and tried together, and a single assessment of damages is made, and one of the causes of action is insufficient to sustain a judgment, or there has been error in the trial of it, and the other is sufficient and the trial of it has been. regular, what is to be done? Will the legal cause of action, with its regular trial, support the verdict, without regard to the defective cause of action or the error in the trial, notwithstanding it is obvious that the defective cause of action, or that in the trial of which there may be error, was considered by the jury in assessing the damages. Where several causes of action are joined in one petition, there should be a separate assessment of damages or verdict in each cause; otherwise, when a new trial is had in one cause of action, there must necessarily be a new trial as to all, where it is apparent that the verdict, as to some of them, is correct. This course, too, will enable the plaintiff to enter a *nolle prosequi* as to one cause of action, and take a judgment for the rest. A general finding for the defendant, on a petition containing several causes of action, may be sustained; but where the finding is for the plaintiff, every consideration of propriety requires that there should be a verdict in each cause of action, and these will all be blended in one judgment. This course of pleading and practice is also recommended by the considerations that a motion in arrest of judgment will thereby be confined in its effect to the cause of action defectively stated, and plaintiffs will be enabled to see the glaring impropriety of misjoining different parties, between whom there is no privity in the same action. It is now become a common practice to unite an action of ejectment with a petition for partition, thus making the tenant in possession wait the event of a litigation in which he has no interest, before his part of the suit can be tried.

3. As the present practice act does not prescribe a mode by

which this irregularity in pleading can be corrected, and as this is not one of the enumerated causes of a demurrer, the most suitable mode of redress, in such cases, would seem to be a motion to the court to compel the plaintiff to elect for which cause of action he will proceed. An election of one of the causes will not have the effect to prevent a future action for the other causes. In all cases of election, the costs would be at the discretion of the court, to be governed by the circumstances, so that justice may be done.

4. In the case under consideration, there was an instruction given in relation to the assault and battery, which cannot be sustained. The jury was told that, although they may believe from the evidence, that the defendant had probable cause for giving information of the violation of the law by the plaintiff, still this does not authorize or justify the defendant in committing an assault and battery upon the person of the plaintiff, and if the jury also believe he did so commit an assault and battery, the law presumes it to have been done maliciously, and the jury are at liberty, in such case, to render a larger amount than the amount actually paid by the plaintiff, by way of smart money. We know of no principle which justifies such an instruction in a trial for an assault and battery.

5. The cause of action, as to the wrongful prosecution, as stated, does not aver that the injury was done maliciously, whereas, malice is of the essence of the action; but even if this was not fatal, surely the omission to show that the plaintiff was acquitted of the prosecution, is a fatal objection to this portion of the petition.

6. The court did not err in refusing, as evidence, the ordinances of the city. The courts of the state do not take judicial notice of the ordinances of any town or city. The defendant must set forth his justification in his answer. If he relies on the ordinances of the city, he should set out so much of them as may be necessary for his defence, that the plaintiff may know on what he relies. It is obvious that the 8th section of the 7th article of the practice act does not affect this matter,

as it relates only to the private acts of the general assembly. It is only necessary to read the defence set up by the defendant, in his answer, as to the wrongful prosecution, to be satisfied of its insufficiency. The facts are pleaded in such a way as not to constitute any justification for the act complained of.

The other judges concurring, the judgment will be reversed, and the cause remanded.