HIRAM HOUSE, Plaintiff in Error, *v.* JOHN W. LOWELL *et al.*, Defendants in Error.

1 *Practice, civil — Pleadings — Objections to petition — What can not be made by motion in arrest.* — An objection to a petition for misjoinder of counts, or a union of several causes in one count, if not made by demurrer or motion to strike out, will be deemed to have been waived (Wagn. Stat. 1015, § 10), and can not be raised by motion in arrest of judgment. (Hoagland v. Hann. & St. Jo. R.R. Co., 39 Mo. 451, overruled.)

*Error to Sixth District Court.*

*Ensworth & Carter*, for plaintiff in error.

*Strong & Chandler*, for defendants in error.

BLISS, Judge, delivered the opinion of the court.

The defendant claims that the petition unites different causes of action, without being separately stated, with the relief sought for each, as required by the statute. (Wagn. Stat. 1012, § 2.) He made no objection, either by demurrer or motion, to this alleged misjoinder; but answered, denying the facts set forth in the petition, and went to trial. At the trial he objected to any evidence upon the ground of such misjoinder, and moved in arrest of judgment for the same reason.

The court held that the objection came too late, but its judgment was reversed in the District Court. Section 6 of article 5, "of pleadings," etc., p. 1014, enumerates the causes for which a defendant may demur to a petition, among which is, "fifth, that several causes of action have been improperly united;" and section 10 of the same article provides that if the objection do not appear upon the face of the petition, it may be taken by answer; but "if no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same." The court, in a case hereinafter cited, seems to have held, though indirectly, that the improper joinder of causes of action referred to in the fifth subdivision of section 6, above quoted, refers as well to the improper commingling in the same count of causes of action that might have been joined, if separately

stated, as to the improper joinder of different causes of action in different counts, inasmuch as it holds that the first as well as the second error can be reached by demurrer. The matter often came before the different judges of the Supreme Court of New York, whose statutes contain the same provision as ours, and it was held by some that causes of action were improperly united when they were not separately stated, and that the defect should be taken advantage of by demurrer; while others decided that the clause did not refer to the manner of the union of causes, but to the union itself, and that the prohibition against the improper commingling of causes in one count is but one of the rules of pleading contained in the code, and should be enforced by motion. The latter view has been sustained by the Court of Appeals in Bass v. Comstock, 38 N. Y. 21. The same view was taken by our own court in Otis v. Michigan Bank, 35 Mo. 128, and in Mooney v. Kennett, 19 Mo. 551. But so far as the decision of the present case is concerned, it does not matter whether we hold that the defendant should have objected to the impropriety in the joinder by demurrer, or by motion to strike out all that does not pertain to one cause of action as redundant or irrelevant; for if by demurrer, he is expressly held by the statute to have waived the objection; or if by motion, the insertion of the redundant or irrelevant matter, or the failure to separate the cause of action, is one of those formal defects cured by verdict. I am aware that it has been held by this court that either of these improper joinders can be reached by motion in arrest. In Hoagland v. The Hann. & St. Jo. R. R. Co., 39 Mo. 451, the court held that both for a misjoinder of counts and for a union of several causes in one count, the motion in arrest of judgment should have been sustained (p. 457); and, for authority, reference was made to Clark v. the same defendant, 36 Mo. 202. In the latter case, on page 215, the court held the count under consideration, containing three causes of action, to be "for this reason clearly bad on demurrer or on motion in arrest;" and reference is made to McCoy v. Yager, 34 Mo. 134, where the defendant had demurred to a petition upon the ground that two causes of action were combined in one count, and the court decided that the

demurrer should have been sustained. If the defect mentioned in the last two cases can be reached by demurrer, as is expressly held, it seems plain, both according to the express language of said section 10 and of section 12 of the chapter of amendments (Wagn. Stat. 1026), that the objection, on account of the defect, is waived, and that the judgment can not, therefore, be arrested or reversed. I am compelled to think that the opinions referred to in Hoagland v. Hann. & St. Jo. R.R. Co., and in Clarke v. same, were pronounced inadvertently and without sufficiently considering the force and effect of said section 10 and of the statute of *jeofails*. I am the more impressed with this conviction from the fact that the court has in other cases held that a motion in arrest will not lie for defects enumerated in said section 6. (Jones v. Steele, 36 Mo. 324.) The reasons are not given that induced the court to come to its conclusions in Hoagland v. Hann. & St. Jo. R.R. Co., and I should be very reluctant—indeed, quite unwilling—to dissent from them, did they not conflict in principle with those arrived at in other cases, with what seems to me to be the plain language of the statute, and with its liberal and beneficent object. The opportunity is offered, by demurrer and motion, to settle before trial all questions of pleadings ; and if the opportunity is not embraced, defects should be held to have been waived, and the verdict should not be disturbed. There are, it is true, some reservations, and they are all that can be demanded by justice and the merits of the case ; and hence it is provided that whether the defendant demurs or not, he may still, by motion in arrest or otherwise, object to the jurisdiction of the court over the subject-matter of the action, or show that the petition does state facts sufficient to constitute a cause of action. These objections are vital, and a record can not stand when such defects appear. All others are more or less formal ; and to give the statute a construction that, in a case where the plaintiff has alleged real grievances, and where the court has authority to redress them, shall permit the defendant to lie by, go to trial upon the merits, accumulate costs, and, if defeated, arrest the judgment, because the petition contains too many grievances, or is informally constructed, would make pleadings but a trap for the unwary, and

defeat the great end of the code. I am aware that under the old system, while many defects were cured by verdict, either by intendment or by the statute of *jeofails*, a misjoinder of causes of action in different courts of the same declaration, as trespass *vi et armis* and trespass on the case, was fatal upon error or on arrest, as well as upon demurrer (Cooper v. Bissell, 16 Johns. 146 ; 1 Chit. 236) ; and the reason given was that the judgments would be incongruous. But under our code that reason does not exist, and the objection is waived if not made in the first instance.

The judgment of the District Court is reversed, and that of the Court of Common Pleas affirmed ; the other judges concurring.