Pickering v. The Mississippi Valley National Telegraph Co.

---

EsROM O. PICKERING, Defendant in Error, v. THE MISSISSIPPI VALLEY NATIONAL TELEGRAPH COMPANY, Plaintiff in Error.

| 47 | 457 |
|---|---|
| 31a | 384 |
| 47 | 457 |
| 112 | 409 |
| 47 | 457 |
| 129 | 335 |
| 47 | 457 |
| 67a | 445 |
| 47 | 457 |
| 143 | 556 |
| 74a | 150 |
| 47 | 457 |
| 102a | 1648 |

1. *Practice, civil — Pleading — Demurrer — Defendant answering over, abandons.*—Defendant, by answering upon the merits after demurrer overruled, virtually withdraws and abandons the demurrer, although he makes no formal withdrawal.

2. *Practice, civil — Motion in arrest — Misjoinder of causes of action in same count.*—A motion in arrest does not bring up any question in relation to the mingling in the same count of different causes of action. A motion in arrest is designed to test the sufficiency of a petition or the sufficiency of the several counts therein.

3. *Practice, civil — Pleading — Breaches of a contract treated as independent causes of action — Objection to, can not be raised by motion in arrest.*—Whatever objection there may be to the technical accuracy of setting out each breach of a contract as a separate and independent cause of action, such objection is not available in a motion in arrest of judgment.

*Error to St. Louis Circuit Court.*

C. H. Krum, for plaintiff in error.

I. The third and fourth counts of the petition do not state facts sufficient to constitute a cause of action. (Langford *et al.* v.

Sanger *et al.*, 40 Mo. 160 ; House v. Lovell *et al.*, 45 Mo. 381.) The counts fail to allege performance on his part by the defendant in error of conditions by him to be performed. An averment signifies a positive statement of fact in opposition to argument or inference. (1 Chit. Pl., 8th Am. ed., § 321.) The defendant in error must have averred performance or an excuse for non-performance. (*Id.*, § 326.) Performance, or readiness to perform, is not to be inferred ; it must be averred. (Hatch v. Peel *et al.*, 23 Barb. 575 ; Smith v. Brown, 17 Barb. 431 ; Helen v. Wilson, 4 Mo. 41, 44 ; Carpenter v. Stevens, 12 Wend. 589.)

II. The first count of the petition contains two causes of action improperly united. (*a*) The defect is apparent on the record. No exception to the action of the lower court was necessary to save the point. (Bateson v. Clark *et al.*, 37 Mo. 31.) (*b*) Even if the court should hold that answering over waived the objection now complained of, yet an opportunity should be given the plaintiff in error to avail itself of the defect in the record. At the time the demurrer was filed it was the settled doctrine of this court that the objection that causes of action are improperly united in a petition is never waived and may be taken advantage of in arrest of judgment. (McCoy v. Yaeger, 34 Mo. 134 ; Clark v. Hann. & St. Jo. R.R., 36 Mo. 202 ; Meyer v. Field *et al.*, 37 Mo. 434 ; Hoagland v. Hann. & St. Jo. R.R., 39 Mo. 451 ; Peyton v. Rose, 41 Mo. 257.) (*c*) The objections urged against the first count, if tenable, are fatal to the last count.

III. The defendant in error has divided one cause of action into three parts and sued upon each part. The court has found in his favor specially upon each part. All damage resulting to the defendant in error from a failure on the part of the plaintiff in error to perform its contract, is an entirety. Such damage is to be recovered in one suit founded upon one cause of action. " The authorities all agree that where the demand is an entirety, although consisting of several items, if judgment be recovered for a part of it, the judgment is a bar to an action for the remainder." (Flaherty's Adm'r v. Taylor, 35 Mo. 447.) Now, having reference solely to the first, third and fourth separate causes of action sued upon by the defendant in error, it is clear that he can

not have a finding in his favor under the first without such finding operating as a bar to any subsequent finding upon the second and third. (Town of Marlborough v. Sisson, 31 Conn. 332.) The findings and judgment under the first and third causes of action can not be maintained. Under each of these causes of action the defendant in error has a finding in his favor. • So that if this judgment is to be sustained, a party to a contract can sue and recover not only the contract price, but may have specific damages for non-compliance by the other party, with certain conditions of such contract during performance.

*Isaac T. Wise*, for defendant in error.

CURRIER, Judge, delivered the opinion of the court.

The parties contracted together in writing as follows: The defendants agreed to furnish the poles and other material for a telegraph line from Keokuk, Iowa, to St. Louis, a distance of 214 miles. The poles were to be supplied at different points along the Mississippi river bank in the time and manner pointed out in the contract. The plaintiff agreed to distribute the poles from the points where they were to be left and to construct the telegraph line at $40 a mile. Three of the counts in the petition are based upon alleged breaches of the contract on the part of the defendants. The breaches complained of are, in substance, (1) that the defendants neglected and refused to furnish the material for the last fifty-nine miles of the line, thereby breaking off the job and preventing its completion by the plaintiff; (2) that the defendants neglected to furnish the material for the 155 miles actually constructed by the plaintiff, in the time agreed on, whereby, it is claimed, the plaintiff was greatly damaged; and (3) that the defendants had failed to pay the stipulated price for the erection of the 155 miles as they had agreed to do.

The petition was demurred to, but the demurrer was overruled, and the defendants thereupon answered upon the merits, and put in issue the various averments of the petition showing a breach of the contract on the part of the defendants. The plaintiff

recovered, and the defendants thereupon moved in arrest, filed their bill of exceptions, and bring the case here by writ of error.

The merits of the demurrer have been argued at length, but they can not be considered in the present attitude of the case. By answering upon the merits, the defendants practically withdrew and abandoned the demurrer, although it may not have been withdrawn in form. A demurrer admitting the facts and an answer denying them are totally inconsistent with each other and can not stand together. As the demurrer admitted the facts, when it was overruled the plaintiff was technically entitled to judgment. The strictly accurate practice in such case is for the overruled party to withdraw his demurrer and plead to the merits, by leave of the court, where he desires to put the facts in issue. These views, I apprehend, are in accordance with the general understanding of the profession and the previous rulings of this court. The point was distinctly passed upon in Reyburn v. Bellotti, 6 Mo. 601; see also Fuggle v. Hobbs, 42 Mo. 538.

In the case at bar, .if the defendants relied upon supposed technical defects in their antagonist's pleading as a ground of defense they should have stood upon the demurrer and abandoned the case at that point, and thus · avoided the wholly fruitless expense of a trial of the issues of fact. Having taken his chances upon those issues, it is now too late to go back and revive their demurrer, and inquire into the technical deficiencies of their adversary's pleading. If the pleadings were radically deficient — that is, if the petition failed to disclose facts sufficient to constitute a cause or causes of action, or there were a defect of jurisdiction — an ample remedy is furnished by their motion in arrest, and that I will now proceed to consider.

The motion in arrest, it may be remarked in the outset, does not bring up any question in relation to the mingling in the same count of different causes of action. That point was maturely considered and definitely settled in House v. Lowell, 45 Mo. 381. A motion in arrest is designed to test the sufficiency of the petition, or the sufficiency of the several counts therein. In the case at bar the third and fourth counts are objected to as not containing in either instance a statement of facts sufficient to constitute

a cause of action.  They are supposed to be deficient as not showing the performance or an excuse for the non-performance of a supposed condition precedent.

The contract sued upon, as we have seen, provided that the defendant should furnish the telegraph poles and other materials entering into the construction of the line, at different points along the Mississippi river, in the time and manner therein specified.  The contract also provided that the plaintiff should take the poles from the river bank and distribute them along the telegraph line at his own expense; that he should attach the insulators, string the wire and set the poles in the ground in a particular way.  The third count is based upon an alleged failure of the defendants to furnish the poles and other material in the time and manner agreed upon.  The complaint is not that the material for the first 155 miles of the line was not furnished at all, but that it was not furnished in time.  The obligation of the defendants to furnish the material within the time specified was absolute and did not depend upon the action of the plaintiff.  Yet the count in question is objected to as not showing the performance of some imaginary condition precedent.  As regards this branch of the contract, there was no condition precedent to be performed by the plaintiff.  The defendants reverse the order of things.  The first step was to be taken by them, namely, to furnish the material upon the river bank.  Until this was done the plaintiff was not required to move.  The condition precedent was upon the defendants.  The plaintiff was not even required to receive the poles at the designated points.  They were to be left at these points by the defendants, and that being done the plaintiff was afterward to make the proper distribution of them along the telegraph line. In a word, according to the third count, the defendants agreed to furnish the poles within a given time, and failed to do it, whereby the plaintiff was injured.  That is the substance of the case so far as this count is concerned.  There was no condition precedent, the performance of which it was necessary for him to aver, or the non-performance of which it was necessary for him to excuse in framing his petition.

The fourth count in substance avers the readiness of the

plaintiff to complete the whole 214 miles of telegraph line accord-
ing to the stipulations of the contract, saving delays occasioned
by the defendants' negligence, and then alleges that the job was
broken up by the wrongful acts of the defendants, and their
refusal to furnish the material for the last fifty-five weeks, and
thus the plaintiff was prevented from completing the work and
subjected to the loss of his just profits. The count is well
enough. (Chamberlin v. Sawyer, 33 Verm. 80 ; Clark v. Mayor,
etc., of New York, 4 Comst. 338.)

As we have already seen, the plaintiff sued to recover damages
flowing from different alleged breaches of one and the same con-
tract. The pleader, in framing the petition, treated each breach
as a separate and independent cause of action. Whatever objec-
tion there may be to the technical accuracy of this mode of plead-
ing, the objection is not available upon a motion in arrest. The
objection does not go to the foundation of the plaintiff's right of
action, nor can the defendants have been misled or injured by the
form of the petition.

I recommend an affirmance of the judgment. Judge Bliss
concurs ; Judge Wagner absent.