JOHN B. STEVENSON et al., Plaintiffs in Error, v. R. S. JUDY et al., Defendants in Error.

49   227
33a  629
49   227
96a  ¹278

1. *Practice, civil — Pleading — Misjoinder — Motion to elect.*—In an action against a sheriff, where the petition charges him in one count with failure to levy upon goods and lands of an execution-debtor, and with failure to make return of the execution at the proper term, and the damages are charged but once, and are predicated upon both causes of action, the pleading is doubtless bad, but should be corrected by motion to elect, before pleading over. Where no such motion is made, the cause should be treated as regular, with damages separately charged for each breach of duty.

2. *Sheriff, action against— Defendant in execution — Proof of ownership by.*— To sustain an action against a sheriff for failure to levy an execution, it is not sufficient to show merely that he was directed to levy upon certain property, without further showing that defendant in the execution had at the time some interest in the property, or such possession as would raise a presumption of ownership.

3. *Damages — Action for, nominal and actual.*—Under the statute (Wagn. Stat. 614, § 64) plaintiff is not entitled even to nominal damages against a sheriff for failure to make a return within the proper time, unless he has sustained actual injury by reason of such failure.

*Error to First District Court.*

*Boggess & Sloan*, for plaintiffs in error.

I. Defendant in the execution was in possession of property more than adequate to satisfy the execution, as shown by the evidence. His possession was presumptive of ownership. Hence plaintiffs in error were entitled to recover. (1 J. J. Marsh. 533 ; 30 Mo. 126, 129 ; Wagn. Stat. 604, § 63.)

II. Failure to return the execution according to the commands of the writ was sufficient to warrant a recovery of nominal damages. (Wagn. Stat. 604–5, § 64.)

*H. B. Johnson*, for defendants in error.

I. Two distinct causes of action, given by statute (Wagn. Stat. 614, §§ 63, 64) are improperly joined in one count, viz: one for failing to make a levy (*id.* § 63), and one for neglecting to return the execution. They should have been stated separately. (36 Mo. 202 ; Peyton v. Rose, 41 Mo. 257 ; Wagn. Stat. 1012, § 2 and note.)

II. It is not sufficient, in order to maintain an action for failure to execute and levy an execution, to merely allege and prove that an officer was requested to levy on certain property, without showing that such property was at the time the property of the execution-debtor. (Fisher v. Gordon, 8 Mo. 366; Jacobs v. McDonald, *id.* 565; Lawton v. Erwin, 9 Wend. 234; Haynes v. Tunstall, 5 Ark.; Shearm. & Redf. Negl., §§ 522, 680.)

III. Without an allegation and proof of damages, plaintiff could not recover for a neglect to return execution at the proper time. (Wagn. Stat. 614, § 64; Palmer v. Gallup, 16 Conn. 555; Pierce v. Strickland, 2 Strong, 292; Dyer v. Woodbury, 24 Me. 546; Shearm. & Redf. Negl., § 522; Williams v. Mostin, 4 Mees. & W. 145.)

BLISS, Judge, delivered the opinion of the court.

This suit was brought against the defendant, as sheriff of Cass county, for failing to levy upon goods and lands of an execution-debtor, and for failing to make return of the execution at the proper term. This is not a suit upon the sheriff's bond. The two causes of action are united in one count, and the damages are charged but once, and are predicated upon both causes of action. The defendant claims that they should be treated as predicated upon the failure to levy, and that no damages are claimed for failing to make return, and consequently, even if a liability is shown for the latter neglect, the plaintiff can take nothing. The pleading is doubtless bad, but should have been corrected by motion, before pleading over, to require the plaintiff to elect upon which cause to proceed, and that the other be stricken out; but no such motion having been made, the petition is to be treated as regular, with damages separately charged for each breach of duty. (House v. Lowell, 45 Mo. 381; Mooney v. Kennett, 19 Mo. 551; Otis v. Mechanics' Bank, 35 Mo. 128.)

The cause was submitted to the court, which found for the defendant, and the plaintiff complains of some of the declarations of law. It is true they appear somewhat incongruous, and might perhaps be held as liable to mislead a jury, and therefore

erroneous in an ordinary jury trial. But the evidence is not conflicting, and, admitting all the facts claimed to have been proved, the plaintiffs are not entitled to recover upon either of their causes of action.

In supporting the first claim they have shown that the sheriff was directed to levy upon certain real estate and a certain stock of goods, but they failed to show that the execution-defendant had any interest either in the land or goods subject to execution. No possession ever was shown in the land, and no exclusive possession, or such as would raise a presumption of an ownership that would subject them to seizure for his debts, was shown in the goods. Hence they failed to make a sufficient case to put the defendant on his defense ; and when he offered to prove to whom the property belonged, the court declined to hear the evidence.

. The failure to make return at the proper time is not denied, but no damages whatever were proved. Counsel claim that at least the plaintiff is entitled to nominal damages, but this matter is fixed by statute. Section 64 of the act concerning executions (Wagn. Stat. 614) provides that for such failure the " officer and his sureties shall be liable to pay the damages sustained by such default ;" hence, an execution-plaintiff has no right to prosecute a sheriff for failing to return the writ, unless he is injured thereby.

The other judges concurring, the judgment will be affirmed.