| 65 | 63 |
| 103 | 507 |

---

SALINE COUNTY v. BUIE ET AL., PLAINTIFFS IN ERROR.

**Creditor's Release of Securities:** EFFECT ON SURETY. Release by a creditor of part of the land mortgaged to him as security for payment of a bond, does not discharge a surety in the bond, though made without his consent, if the remainder of the land is sufficient to indemnify him against loss.

*Error to Saline Circuit Court.*—HON. WM. T. WOOD, Judge.

*Samuel Boyd,* for plaintiff in error.

*Samuel Davis,* for defendant in error.

HOUGH, J.—On the 15th day of August, 1868, Thomas M. Smith, as principal with the defendants, D. D. Buie, Samuel Yates and Zebman Smith, as sureties, executed to the county of Saline, for the use of the general fund, and the swamp land fund, a bond for the sum of $1,000, payable on or before the 31st day of December, 1868. At various times prior to the institution of the present suit, payments were made on said bond, aggregating the sum of $864, and this suit was instituted on November 20th, 1873, to recover of the sureties the balance due thereon. Smith was not served and Yates made default. The defendant, Buie, filed a separate answer, alleging that on the same day on which the bond sued on was executed, Thomas M. Smith, the principal therein, for the purpose of securing the payment of said bond, executed and delivered to the County of Saline, a mortgage on two hundred acres of land, conditioned that, in default of payment of either principal or interest, the sheriff of the county should, without suit, proceed to sell the said mortgaged premises. That, on the 10th day of February, 1870, the County Court of Saline County, by an order entered of record, without the knowledge or consent of said defendant, Buie, released from the operation of said mortgage, one hundred and twenty acres of said land, and that said defendant was thereby released and discharged from all liability on account of said bond. To this answer the plaintiff filed a demurrer, which was sustained by the court, and final judgment rendered thereon against said defendant.

We perceive no error in the judgment of the Circuit Court. The demurrer was properly sustained. Conceding that the County Court had authority to release a portion of the mortgaged premises, which we do not decide, the defendant could not complain, unless he was injured thereby, and he failed to allege in his answer any such injury. For aught that appears in the pleadings, the remaining portion of the land mortgaged may be amply sufficient to indemnify him. A surety is entitled to the

benefit of all securities held by the creditor for the payment of the debt of the principal; but when the creditor surrenders or releases a portion only of such securities, the surety is not absolutely discharged, but only to the extent to which he is thereby actually injured. If the securities retained by the creditor are sufficient to pay the debt, the surety is not injured and cannot complain.

The judgment of the Circuit Court will be affirmed. The other Judges concur, except Judge Sherwood, absent.

AFFIRMED.