JACOB FADLEY ET AL., Respondents, v. WILLIAM SMITH, Appellant.

### Kansas City Court of Appeals, June 30, 1886.

1. PRACTICE—DEMURRER AFTER ANSWER—DISCRETION OF TRIAL COURT—CASE ADJUDGED.—It is not error to strike from the files a demurrer, filed while the trial was pending, and *without leave*, and after answer had been filed, and the discretion of the trial court

was not abused to defendant's injury by the action of the court, in this case.

2. CONTRACT—GUARANTY—PAYMENT OF PRICE NO WAIVER OF.—In the case of a contract of guaranty, the retaining of the property and payment of the purchase price would not affect or prevent recovery for its breach. Payment of the price is no legal waiver of the warranty.

3. PLEADING—MISJOINDER OF ACTIONS—WHAT IS THE REMEDY.—When causes of action which may be properly joined in one petition, are placed in one count, instead of being separately stated in separate counts, the remedy is by motion to require plaintiff to elect one and strike out the remaining causes thus improperly joined in one count. Where there are causes of action stated in the petition, either in one count or separate counts, which *cannot* be united in the same petition, but require *separate suits*, the remedy is by demurrer. Sect. 3515, Rev. Stat. Where there is a misjoinder and the remedy be either demurrer or motion to elect, it should be *filed and determined before the trial.*

APPEAL from Harrison Circuit Court, HON. CHAS H. S. GOODMAN, Judge,

*Affirmed.*

The case is stated in the opinion.

C. S. WINSLOW, for the appellant.

I. The demurrer was not too late. Actions *ex contractu* and *ex delicto* could not be united, under the code, in the same petition ; and a motion at the close of plaintiff's evidence to compel him to elect was not too late. *Southworth Co. v. Lamb*, 82 Mo. 242; sect. 3572, Rev. Stat.

II. The contract admitted in evidence was at variance with the allegations in the petition and should have been excluded. *Jones v. Louderman*, 39 Mo. 287; *Harris v. Railroad*, 37 Mo. 308.

III. The instructions given for plaintiff assumed the existence of facts controverted by the pleadings and by plaintiff's own evidence and were, therefore, erroneous. They were also calculated to mislead the jury. *Wil-*

*kerson v. Thompson*, 82 Mo. 317 ; *Donahoe v. Railroad*, 83 Mo. 560.

IV. The court erred in refusing instructions asked for defendant, as they stated the law applicable to the case correctly. The instructions, on the whole case, were inconsistent and contradictory ; and for this reason the judgment should be reversed. *Goetz v. Railroad*, 50 Mo. 472 ; *State v. Nauert*, 2 Mo. App. 295.

V. Defendant's motion in arrest of judgment should have been sustained. A misjoinder of causes of action is fatal ; and where such defect is apparent on the face of the record, the appellate court will take notice of it on appeal or writ of error, whether exceptions were saved or not. *Gray v. Payne*, 43 Mo. 203 ; *Peyton v. Rose*, 43 Mo. 139 ; *Southworth Co. v. Lamb*, 82 Mo. 242 ; *Henderson v. Dickey*, 50 Mo. 161.

HEASTON & BUTLER, and WANAMAKER & BARLOW, for the respondents.

I. The court properly struck defendant's demurrer from the files, as it was filed out of time and without leave of the court, after the pleadings were made up and the case was ready for trial. By standing upon his answer, and going to trial thereon, defendant *waived* his demurrer. *State to use, etc., v. Sappington*, 68 Mo. 454 ; *Ware v. Johnson*, 55 Mo. 500 ; *Gale v. Foss*, 47 Mo. 276 ; *Hall v. Johnson*, 57 Mo. 521. If matters were improperly united in the petition defendant's remedy would have been by motion to compel plaintiffs to *elect* and strike out the balance. *O'Conner v. Kock*, 56 Mo. 253 ; *Otis v. Bk.*, 35 Mo. 128 ; *Mulholland v. Rapp*, 50 Mo. 42 ; *Hotel Co. v. Sigemont*, 53 Mo. 176.

II. The court did not err in admitting in evidence the written contract on which the suit was founded. It was filed with the petition and did not *vary* from it, and the answer admitted its execution. There was no *specific* objection made as to its admissibility. *Kautz v. Tempel*, 48 Mo. 71 ; *Buckley v. Knapp*, 48 Mo. 152 ;

*Grimm v. Gamache*, 25 Mo. 41 ; *Holmes v. Braidwood*, 82 Mo. 610 ; *Allen v. Mansfield*, 82 Mo. 688 ; *Bowie v. Kansas City*, 51 Mo. 454 ; *State to use, etc.*, v. *Webster*, 53 Mo. 135.

III. The instruction *given* for plaintiff did not *assume* facts, but was hypothecated upon the evidence. The evidence upon which it was based is not preserved in the bill of exceptions. *Broadwell v. Bouton*, 39 Mo. 401 ; *Kansas City v. Kelley*, 39 Mo. 415.

IV. The instructions *refused* to defendant were *not* founded on the evidence. Payment of part of purchase price is no legal waiver of breach of warranty. 2 Suth. on Dam. 128, 415, 422; *Compton v. Parsons*, 76 Mo. 455 ; *Bronson v. Turner*, 77 Mo. 492 ; *Carter v. Black*, 46 Mo. 384.

V. The court properly overruled defendant's motion in arrest of judgment. There are not two causes of action set out in the petition. Even if petition was defective, if the verdict could not have been given without proof of omitted matter, the defect will be cured. *Jones v. Louderman*, 39 Mo. 287 ; *Bowie v. Kansas City*, 51 Mo. 454.

C. S. Winslow, in reply.

I. The instruction for plaintiffs failed to limit the amount plaintiffs were entitled to recover upon the pleadings, and was erroneous. *Crews v. Lackland*, 67 Mo. 619.

II. An instruction on *the whole case*, must not exclude the points raised by the evidence of the opposite side. *Fitzgerald v. Hayward*, 50 Mo. 516 ; *Goetz v. Railroad*, 50 Mo. 472.

III. The defects in the petition were not cured by verdict. The defect was of *substance* and not of *form*. *Ivory v. Carlin*, 30 Mo. 142.

Ellison, J.—Defendant sold plaintiffs a portable saw mill and gave a written guaranty in the bill of sale,

whereby he guaranteed the mill to saw five thousand feet of lumber per day, if properly managed by competent men. The guaranty was to continue for ten days from its date, only, and contained a stipulation that in case the mill failed to perform as agreed, plaintiffs should notify defendant "within ten days from this date (date of guaranty) of said failure."

"Pending the trial of said cause" defendant, without leave, filed a demurrer to the petition and asked to withdraw his answer. The court refused leave to withdraw and struck the demurrer from the files.

The trial was then proceeded with. Plaintiffs offered the written guaranty in evidence "to the introduction of which defendant at the moment excepted." "Defendant also objected to the introduction of any evidence under the petition." The objection was overruled, to which action of the court "defendant at the moment excepted." Plaintiffs gave evidence tending to support their petition, and defendant tending to support his answer. One instruction asked by plaintiffs was given, and of the six asked by defendant, three were given and three refused. The trial resulted in plaintiffs' favor and defendant appeals, contending here, that his demurrer should not have been stricken from the files; that his objections to testimony should have been sustained, and that plaintiffs' instruction should not have been given, and his should not have been refused.

The demurrer being filed during the trial, while the trial was pending, was properly stricken out. Allowing a pleading to be filed out of time is much in the discretion of the trial court, and certainly, we cannot say that discretion was abused to defendant's injury, by striking from the files a demurrer, which had been waived by the answer, and which had been filed without leave, while the trial was on.

The objection to the introduction of the guaranty was properly overruled, no reason being assigned therefor. This has been frequently held in this, and in

the supreme court. So too, with regard to the objection to any evidence under the petition. There is nct the remotest suggestion made as to why evidence should not be received under the petition.

The instruction for plaintiff was properly given, and, in connection with those granted the defence, fully covered the issues in the case.

Instruction number four, refused for defendant, asserted the proposition that if plaintiffs retained the property and paid the purchase price they could not recover. I do not understand such to be the law in this sort of case. "Payment of the price is no legal waiver of the warranty." 2 Suth. Dam. 128. If we should concede, as is claimed by defendant, |that there is a misjoinder in plaintiffs' petition, the point would avail him nothing. Advantage of such improper pleading cannot be taken advantage of by motion in arrest. The doctrine announced in the quotation and citation of defendant has been exploded in this state. *Sweet v. Maupin*, 65 Mo. 63–72; *House v. Lowell*, 45 Mo. 381; *Pickering v. The M. V. N. T. Co.*, 47 Mo. 457.

The law is that when causes of action, which may be properly joined in one petition, are placed in one count, instead of being separately stated in separate counts, the remedy is by motion to require plaintiff to elect one and to strike out the remaining causes thus improperly joined in one count. *Otis v. Mechanics' Bank*, 35 Mo. 128; *Mooney v. Kennct*, 19 Mo. 551; *Christal v. Craig*, 80 Mo. 367.

Where there are causes of action stated in the petition, either in one count or separate counts, which cannot be united in the same petition, but require separate suits, the remedy is by demurrer. And it is such incongruous uniting of actions to which the fifth subdivision of section 3515, Revised Statutes, relating to demurrers refers. *Otis v. Mechanics' Bank, supra.*

It has undoubtedly been the rule in this state, that where there is a misjoinder and the remedy be either

demurrer or motion to elect, it should be filed and determined before trial. "The opportunity is offered, by demurrer and motion, to settle, *before trial*, all question of pleadings, and if the opportunity is not embraced, defects should be held to have been waived, and the verdict should not be disturbed." *House v. Lowell, supra.*

Conceding it to be true, as alleged in this case, that two causes of action are united in one count, and the damages are charged but once, and are predicated upon both causes of action, the pleading is not good, "but should be corrected by motion, *before pleading over*, to require the plaintiff to elect upon which cause to proceed, and that the other be stricken out." *Stevenson v. Judy,* 49 Mo. 227. And if no such motion is made it will be deemed waived. *Christal v. Craig, supra.*

The demurrer in this case, being for the improper joining, in the same count, of causes of action which could not be united in the same petition, was the proper remedy, if taken in time, but, being filed after answer and after the beginning of the trial, was waived.

Our attention has been called to the case of *The Southworth Co. v. Lamb* (82 Mo. 242), where two causes of action were united in the same petition, which, from their nature, required separate suits, and where a motion was made at the close of plaintiff's testimony to require him to elect on which he would proceed. Under the authorities above cited there should have been a demurrer to this petition before trial. But Ewing, Commissioner, says it "amounted to a demurrer, and, although coming a little late, was properly sustained."

It does not appear from the report of the case whether the plaintiff objected to this in the lower court. I cannot believe the court, in that case, have aimed to overthrow, without mentioning them, the long list of decisions holding to the rule, as I have stated it. The motion in that case was made in the middle of the trial and while the answer, of course, was on file. The court

remarked that it amounted to a demurrer, but it is fundamental that a demurrer and an answer are inconsistent pleading and cannot stand together. One is an admission, while the other is a denial.

This court must, in accordance with the constitution of the state, look upon the last previous ruling of the supreme court as controlling authority; but when we are satisfied a rule, long established, and which is recognized by numerous decisions of the supreme court, is not intended to be overthrown, nor the decisions intended to be overruled, we will still recognize the rule, unless the last utterance of the supreme court is irreconcilable with it.

Our conclusion is that the judgment should be affirmed, and, with the concurrence of the other judges, it is so ordered,

SEPARATE OPINION BY PHILIPS, P. J.—I concur in the result of the foregoing opinion in affirming the judgment. But I do not concur in the criticism made therein on the opinion of Ewing, C., in *Southworth, etc., v. Lamb*. It is not just, in my view, to attribute to that opinion that it, in effect, holds that a demurrer to a petition on the ground that it improperly unites two incongruous causes of action may be made after trial. It expressly recognizes the correctness of the rule of practice that such plea should be interposed before trial, for it quotes approvingly the opinion of Bliss, J., in *House v. Lowell*, 45 Mo. 383. It then proceeds to say that the demurrer, "although coming a little late, was properly sustained. It was filed after hearing plaintiff's evidence, and was thus more favorable to plaintiff by developing the facts upon which a verdict must be based before electing upon which cause of action to stand. If filed after verdict it would undoubtedly have been too late, and would have waived the defect; but coming, as it did, after hearing

the plaintiff's evidence, and before the case was submitted to the jury, it should have been sustained."

The effect of this holding was simply this : although the plea came late it was, in effect, before the trial, for the cause was not submitted, and the court might, without abuse of its discretion, entertain the plea, and as the petition was obnoxious to the objection of a mis-joinder, and the election was made by the plaintiff just after his evidence was in, and he could make such election at a time when it would be most advantageous to him, no such injury was apparent from this action of the court, as would constitute reversible error. This, doubtless, was the view entertained by Judge Ewing's associates, and the supreme court judges who approved the opinion.

The practice act provides, that : "The court shall, in every stage of the action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party ; and no judgment shall be reversed or affected by reason of such error or defect."

Had the court, in that case, declined to entertain the motion, it no doubt would have been held not to constitute error for which the judgment should be interrupted.

Properly, the motion or demurrer should be interposed before trial begun, and unless the party complaining has thus invoked his remedy he has no standing to demand that his plea should be heard after trial begun.

By entertaining the plea, as the court did in the case of *Southworth*, *supra*, it was the same, in legal effect, as if the answer had been withdrawn, and the plea heard, although the record be silent as to the formal withdrawal of the answer. *Dunklin County v. Clark*, 51 Mo. 60; *Sweeney v. Willing*, 6 Mo. 174; *Fuggle v. Hobbs*, 42 Mo. 538 ; *Pickering v. Miss. Valley, etc., Co.*, 47 Mo. 460.