John S. Brittain Dry Goods Company, Appellant, v. John. H. Buchanan et al., Respondents.

Kansas City Court of Appeals, April 3, 1899.

1. **Sales**: CONDITIONAL: FRAUDULENT: APPELLATE PRACTICE: JOINDER: ELECTION: WAIVER. A sale on condition that title shall not pass until payment retains the title in the vendor but a sale induced by fraud passes the title to the vendee subject to be defeated by rescission. *Quaere*, whether actions based on conditional sale and the fraudulent sale can be joined in the same petition; and whether the plaintiff could be compelled to elect; but failure to do so in a trial court waives such question in the appellate court.

2. ——: ——: ——: INSTRUCTIONS. Two instructions with amendments thereto in relation to conditional or fraudulent sales are considered and it is held that if a title by reason of fraud in the sale and rescission thereof had revested in the vendor, his right to the goods could not be affected by a conditional sale void as against creditors.

3. ——: ——: ——: NOTICE: REPLEVIN. In cases of fraudulent or conditional sales no notice is required to terminate the right of the vendee to possession, nor of the sheriff representing his creditors; and a conditional sale must be valid under the statute or the rights of creditors are not affected thereby.

*Appeal from the Callaway Circuit Court.*—Hon. J. A. Hockaday, Judge.

REVERSED AND REMANDED.

Johnson, Rusk & Stringfellow and David H. Harris for appellant.

(1) That a vendor who is induced to part with his property by fraud may rescind the contract of sale and reclaim the property, is an elementary proposition of law and is well settled by a host of decisions in this state. Cobbey on Replevin, secs. 262, 263; Benjamin on Sales, sec. 440; Dry

Goods Co. v. Jacobs, 66 Mo. App. 362; Blackwell v. Fry, 49
Mo. App. 641, and authorities there cited. Thomas v.
Freligh, 9 Mo. App. 151.   (2) In such cases the commence-
ment of a suit in replevin is all the notice required
of the election of a vendor to rescind.   Cobbey on
Replevin, sec. 265.   (3) If the vendor has the
right to rescind, then the moment he does rescind the title to
the property revests in him, and such property, in conse-
quence, is not subject to an attachment issued against the
property of the debtor (vendee).   Drake on Attachment
[7 Ed.], sec. 245.   (4) It is a fundamental principle that an
attaching creditor can acquire no greater right in the at-
tached property than the debtor (vendee) had at the time
of the attachment.   Drake on Attachment [7 Ed.], sec.
245.   (5) So if one acquire by purchase the pos-
session of personal property by fraudulent means, he has
no such title thereto as will enable his creditors to attach
and hold it as against the person from whom it was fraudu-
lently obtained.   Drake on Attachment [7 Ed.], sec. 246.
(6) When one through fraudulent representations as to
solvency, purchases and obtains goods on credit, and they
are subsequently attached by his creditors, the defrauded
vendor can sustain replevin as against the creditors.   Wells
on Replevin, sec. 324.   Matter constituting an equitable
defense is new matter and must be pleaded.   McQuillin's
Pleading and Practice, sec. 384, and authorities there cited;
Jones v. Shaw, 67 Mo. 667.   (7) The court erred in refus-
ing to give declarations of law, numbers 2 and 3, as asked
by plaintiff.   Meyer v. Railroad, 40 Mo. 151; Bank v.
Cooper, 40 Mo. 169.

T. A. Boulware, N. D. Thurmond and D. P. Bailey
for respondents.

(1) Appellant's pleadings and evidence clearly show
the sales to have been conditional ones not evidenced by

writing and recorded, hence they were liable, in the vendee's hands, for their debts whether prior or subsequent. R. S. 1889, sec. 5178; Collins v. Wilhoit, 108 Mo. 451; Peters v. Featherstun, 61 Mo. App. 466. (2) It was too late to rescind a conditional sale after creditors attached the goods in possession of Trigg Brothers, or their vendors. It makes no showing of any notice of such rescission and hence had no right to institute this suit in the absence of such notice, neither did the trial court have jurisdiction in the premises. "Without evidence of a rescission of the contract there could be no right of action in the plaintiff for the recovery of the goods." Cahn v. Reid, 18 Mo. App. 115; Chemical Co. v. Nickells, 66 Mo. App. 689, 690.

SMITH, P. J.—The petition alleged, in substance, (1) that the goods sued for were sold to Trigg Brothers upon the express condition that the title thereto was STATEMENT.     to remain in the plaintiff until the dating therein, which was May 1, 1898, had expired, and (2) that the plaintiff was induced by the fraud of the said Trigg Brothers to sell and deliver to them the said goods, etc.

It further appears from the pleadings that the defendant, Buchanan, is the sheriff of Callaway county, and that under certain writs of attachment, to him directed and delivered in several actions brought by the other defendants against Trigg Brothers, he seized the goods in controversy, and in that way he obtained and held possession thereof.

The abstract does not set forth the judgment nor the evidence, either *haec verba* nor in narrative form. It is however stated that the plaintiff had judgment for such items as were sold and delivered by it to Trigg Brothers prior to the date of the last item sold by the attaching defendants to said Trigg Brothers. It is further stated that the defendants had judgment for the remainder of the property so claimed by plaintiff.

The plaintiff has appealed.   The error of which it complains is the action of the court in the giving and refusing of instructions.

It requested two instructions, the first of which was: "If the court finds that plaintiff had the right to rescind the sale of the property in controversy to Trigg Brothers, and that plaintiff did rescind such sale at any time prior to judgment upon the writs of attachments heretofore issued from this court against the property of the said Trigg Brothers and in favor of defendants Kelly-Goodfellow Shoe Company, Glaser Brothers, and F. Smith & Son Grocery Company, and levied upon the property now in controversy, then after said sale had been so rescinded by plaintiff the title to the property in controversy was immediately vested in plaintiff, and plaintiff was forthwith entitled to the possession thereof, and the same was not subject to attachment issued against the property of the said Trigg Brothers, and the verdict must be for plaintiff."   This instruction as thus requested was refused, but the court, of its own motion, added thereto the following words and then gave it, that is to say:   "Unless there was a conditional sale of said property by which plaintiff was to retain the title until wholly or partially paid for not evidenced by writing and recorded, rendering it void as to subsequent creditors."

The second was to the effect:

"If the court finds from the evidence that plaintiff sold and delivered the goods now in controversy to Trigg Brothers, upon the representations and statements as to their financial condition contained in the letter from the said Trigg Brothers to plaintiff, dated January 31, 1898, and offered in evidence, and if the court further finds that the statements contained in said letter were false as to any material fact, and that plaintiff was misled thereby, and induced to make sale of the goods mentioned, and that no part of the purchase price of said goods has been paid,

then plaintiff had and has the right to rescind said sale and to recover the possession of said property, unless the court further finds that prior to the service of the writ of replevin herein, said property has passed into the hands of a subsequent purchaser in good faith or an innocent purchaser for value." This was refused as requested but was given with a modification like that added to the preceding.

If the plaintiff sold the goods on the condition stated in its petition it, of course as against its vendee, retained the title, but if the sale and delivery was induced by fraud, as is also stated in the petition, then it was an outright sale and the title passed, subject to be defeated by rescission. It may be well doubted whether or not these two causes of action were properly joined (Revised Statutes 1889, section 2043), but as no objection was made thereto on any such ground by either demurrer or motion to strike out, the same must be deemed to have been waived. House v. Lowell, 45 Mo. 381. It is, too, probable that if the defendants had made a motion for that purpose, the court would have required the plaintiff to elect on which cause of action he would proceed to trial, but having failed to do so the misjoinder, if such it be, was waived. Christal v. Craig, 80 Mo. 367; Mooney v. Kennett, 19 Mo. 551.

SALES: conditional: fraudulent: appellate practice: joinder: election: waiver.

The only question presented by the record for our decision is as to whether or not the plaintiff was entitled to a consideration by the court of the case upon the theory of the instructions requested by it without the appended modification. Such modifications in effect declared that if the conditional sale alleged was not evidenced by writing, executed and acknowledged by the vendee, and recorded, it was void as against subsequent creditors (Revised Statutes 1889, section 5178); and that the plaintiff could not therefore recover the possession, even though it was found

instructions.

that the sale was induced by the fraud of the vendee entitling it to a rescission as against the vendee and the attaching creditors. If the plaintiff was entitled to recover on the theory that the title had revested in it because of the fraud of the vendee in inducing the sale, and the subsequent rescission thereof, how could this right be in any way affected by the fact that such conditional sale was void as against creditors, since it was not evidenced as required by the statute? It would be quite illogical to say, even if the plaintiff had shown by the evidence that it had the right to recover, on the theory that the sale was induced by such fraud as entitled it to rescind, yet that it could not so recover if the alleged conditional sale was not evidenced as required by the statute. The plaintiff's right of recovery on the theory that the sale was induced by the fraud of the vendee can not be defeated by a failure of the evidence to show a valid conditional sale, or one that was *nil* as to creditors. Under the pleadings the plaintiff was permitted to submit its case upon two theories, and its right of recovery on the one which the evidence tended to establish could not be defeated by the want of evidence to uphold the other. The plaintiff had a clear right to have the case considered by the court upon the theory of its two instructions, independent of and disconnected with the qualification contained in the modification.

As the judgment will be reversed and the cause remanded for further trial, it is proper to say, in view of the defendants' insistance, that in a case of this kind no demand is required to terminate the right of possession of the vendees or of the sheriff who represents the attaching creditors. Cobbey on Replevin, sec. 447, and authorities there cited. And further, that if the evidence does not tend to show a conditional sale, valid under the statute, then the rights of the attaching creditors as to such sale can not be in any way

notice: replevin.

affected by it. As to them the case would not be different than if such ineffectual sale had never taken place.

Although the abstract is very imperfect, yet enough appears, we think, to enable us to fairly pass upon the objections made to the instructions.

The judgment will be reversed and cause remanded. All concur.