THE UNION BANK OF TRENTON v. DILLON *et al.*, *Appellants.*

**Garnishment**: PLEADING AND PRACTICE. In garnishment proceedings the plaintiff's denial of the garnishee's answer to interrogatories stands in the place of a petition, and its sufficiency is to be tested by the same rules, both in respect to pleading and practice. If the garnishee demur to the denial for misjoinder of several matters in one count, and after the demurrer is overruled, answers over, he will be held to have waived the defect.

*Appeal from Mercer Circuit Court.*—HON. G. D. BURGESS, Judge.

*Hall & Harber* for appellants.

*DeBolt & Winslow* for respondent.

HOUGH, J.—This is an action by attachment, in which Frances A. Dillon was summoned as garnishee, and filed answer stating that she had no property, money or effects of any character belonging to the defendant in her possession or under her control, and that she was not indebted to the defendant in any sum then due, or to become due; that about the 1st day of January, 1877, she purchased the defendant's interest in his father's estate for the sum of $1,200, and for $1,080 of that sum she executed four promissory notes to said defendant, which were by him transferred to various parties as collateral security for money borrowed by him; that before the service of the garnishment, the defendant became insolvent, and said garnishee became and was liable to the persons holding said notes as collateral security for the amount of their debts; and that defendant was indebted to her in the sum of $280 for certain property furnished by her to the defendant, and for rent.

To this answer the plaintiff filed the following denial:

Comes now the plaintiff, and for denial to the answer of Frances A. Dillon, garnishee in this cause, states that on or about January 1st, 1877, Frances A. Dillon purchased of Wm. F. Dillon, the defendant, all his interest

of, in and to the estate of his father, Wm. P. Dillon, deceased, for which she then and there agreed to pay said Wm. F. Dillon the price and sum of $1,200, for which Frances A. Dillon and J. R. Dillon executed and delivered to said Wm. F. Dillon their four promissory notes, by which they promised, for value received, to pay said Wm. F. Dillon the sum of $1,080, which notes cannot be here filed because they are held by the order, and are under the control, of the circuit court of Grundy county, and are not in the possession of the plaintiff. One of said notes is for $275, dated January 1st, 1877, due twelve months after date; one for $275, dated March 1st, 1877, due in twelve months after date; one for $350, dated August 1st, 1877, due in one year after date; one for $180, dated September 15th, 1877—all bearing interest from date at ten per cent, all of which said notes, and all the purchase money for said estate, is yet due the defendant, and for which plaintiff asks judgment. Plaintiff for further denial of said answer, denies each and every allegation therein contained, except as herein admitted.

To this denial of the plaintiff, the garnishee filed a demurrer, which was overruled, and she thereupon filed a reply in which she admitted the execution of the notes, and put in issue all other allegations of said denial. There was a verdict and judgment for the plaintiff for $181.50, from which the garnishee has appealed.

The bill of exceptions in this case having heretofore been stricken out on motion, no errors, if any, occurring at the trial, are subject to review, and the only question presented for determination which we can properly consider is, whether the plaintiff's denial of the garnishee's answer contains a sufficient statement of the grounds upon which a recovery is sought against the garnishee, to support the judgment; in other words, whether, when viewed as a petition, it states facts sufficient to constitute a cause of action. The statute provides that the issues made upon the denial, and the reply, shall be the sole issues tried, and

such issues shall be tried as ordinary issues between plaintiff and defendant.

If the denial of the garnishee's answer set forth an indebtedness of the garnishee to the defendant on any one of the notes herein described, omitting the others, it would undoubtedly be held, after judgment, to be a sufficient statement of a cause of action. Indeed, the only objection made to the sufficiency of the plaintiff's statement of the garnishee's indebtedness, is, that it improperly unites, in the same count, several separate and distinct causes of action. It was formerly held by this court that when several causes of action founded upon distinct contracts, were united in the same count, the judgment would be arrested. *Hoagland v. R. R. Co.*, 39 Mo. 451. But this decision was expressly overruled by the case of *House v. Lowell*, 45 Mo. 381, and this case was subsequently affirmed in the case of *Pickering v. M. V. Nat. Telegraph Co.*, 47 Mo. 457. In each of these cases it was held that such a defect cannot be taken advantage of by motion in arrest. In the case before us the garnishee did demur, but she abandoned the demurrer by answering over. *Pickering v. Telegraph Co.*, supra.

Perceiving no error in the record proper, the judgment will be affirmed. All concur.