JAMES L. BAKER, Respondent, v. JAMES RALEY, Appellant.

Kansas City Court of Appeals, July 6, 1885.

1. PRACTICE—PLEADING—FAILURE OF PROOF—VARIANCE.—Where the averment of a petition was that a suit was assigned by the plaintiff therein to B, while the proof was that it was assigned to A, and by A. assigned to B; *held* not to be a failure of proof—*not more than a variance.*

2. —— SEVERAL CAUSES OF ACTION IN ONE COUNT.—Where there are several causes of action stated in one count, the objection must be taken by demurrer, or it will be considered that it was waived. The point can not be made by motion in arrest. *Union Bk. Trenton v. Dillon,* 75 Mo. 380.

3. —— To MAKE PLEADING DEFINITE.—If a petition should fail to make a particular statement of items, so as to be sufficiently explicit, motion should be "that the petition be made definite, etc."

4. PARTIES—LIABILITY FOR COSTS CREATED BY HIM.—Notwithstanding one may not be substituted as a party, if he is the real party, he may when discovered, be held liable for debts which he created.

PHILIPS, P. J., dissents.

APPEAL from Schuyler Circuit Court, HON. ANDREW ELLISON, J.

*Affirmed.*

Statement of case by the court.

This action is based on the following petition: "Plaintiff states that on or about the 15th day of November, 1876, one C. C. Fetters, instituted suit by attachment, in this court for debt against David and Francis McElroy, whereby he sought to recover from the defendants therein $165.00 and costs of suit; that afterwards at the term 187– of this court, said cause was tried and finally disposed of, and a verdict given for the defendants therein, and judgment rendered therein adjudging plaintiff to pay the costs of said suit, that during the pendency of said suit and for the necessary prosecution and defence of the same, a large amount of costs in the nature of officers' and witnesses' fees, was made, which were taxed to the parties entitled thereto as follows, to-wit: (Here follows the amount due each officer and witness by name), total amount of costs as due the plaintiff $140.67, as will more fully appear from an itemized statement, herewith filed, that all of said sums have been for value, sold and assigned to this plaintiff, and though long past due remain wholly unpaid; plaintiff further says that after the institution of said suit and long prior to the determination thereof, the said C. C. Fetters, plaintiff in said suit as aforesaid, for a valuable consideration, to-wit: $50.00 to him then paid by this defendant, sold, assigned, and transferred to this defendant absolutely the debt therein sought to be recovered, with full power to this defendant to prosecute said

suit in his own behalf, and collect the debt therein claimed to be due, for his own exclusive use and benefit. Plaintiff further states that by virtue of the aforesaid purchase of said demand by this defendant, he became and was from and after the date of said purchase the absolute owner of said demand and the real party plaintiff in said cause ; that the same was from and after said purchase as aforesaid prosecuted in the interest of and for the exclusive use and benefit of this defendant, by reason of all of which plaintiff says defendant became and is now liable for the costs of said suit, and though often requested so to do, he has failed and still fails and refuses to pay the same. Wherefore plaintiff prays judgment against defendant for the said sum of $140.67, costs accrued as aforesaid."

The cause was tried by the court without a jury and judgment rendered for plaintiff for $21.86, and defendant appeals. Some question was made as to the assignment of the clerks' fees included in the judgment, but these were remitted and thereby eliminated from the questions presented.

The evidence showed that the cause of action was assigned by Fetters, the plaintiff therein, to one Griggs, and by Griggs, to Hughes and Raley, the latter being the defendant in the present action. The court below ruled that the only costs chargeable to this defendant, was that made after he purchased the suit. Defendant asked and the court refused the following declarations of law (omitting one in regard to clerks' fees), (1) "The court declares the law to be that under the evidence in this case the plaintiff can not recover," (2) "That the assignee of a claim in suit is not liable for the costs made unless he is substituted as a party." (3) "That the plaintiff has failed to prove the case made by the petition." Defendant makes the following points of objection here : (1) "Plaintiff's proof fails to make his case as stated." (2) "There are several causes of action stated in one count." (3) "There is no statement of the items of the account sued on." (4) "The petition does not state a cause of action."

HIGBEE & RALEY, for appellant.

I.   Plaintiff's proof fails to make out his case as stated and there are several causes of action in one count. There is no statement of the items of the account sued on.

II.   *There was an entire failure* of proof in this case. The averment is of a sale to A, and the proof is of a sale to B, and an assignment by B to A. This is not a variance, but a failure of proof. *Faulkner v. Faulkner*, 73 Mo. 335.

III.   There are several causes of action in one count. They are separate and independent accounts due to different parties and asigned by them to plaintiff. The petition is therefore bad on demurrer, or arrest. 36 Mo. 215; 34 Mo. 134; 41 Mo. 257; 39 Mo. 457.

IV.   There is no statement of the items of the account sued on anywhere. This must be done in the petition or a copy attached. Revised Statutes, Mo., 1879, section 3547. *Neither was done* here.

V.   The petition does not state a cause of action and so no evidence could be heard. Section 3671 (Revised Statutes, Mo., 1879), provides for the substitution of the purchaser of a claim in suit, for the original plaintiff. "This implies that upon a substitution of a new party in place of the original party, the substituted party becomes responsible for all costs, and the original party is discharged." 59 Mo. 283. But this decision is based upon the *fact* of *substitution*, which was not done here.

Opinion by ELLISON, J.

As to the first point, it is true in some respects, the plaintiff does not make out his case as stated, that is, he alleges the suit was assigned by the plaintiff therein to Raley, while the proof is, it was assigned to one Griggs, and by Griggs assigned to Hughes and Raley, the latter being the defendant here. We do not regard this as a failure of proof of the allegation of the *cause of action* "in its entire scope and meaning." It is not more than a variance. Appellant's authorities

are not deemed applicable to this case. The case of *Faulkner v. Faulkner* (73 Mo. 327), was where the note, which was the cause of action, was declared to be "made, executed, and delivered to C. C. Bland as one of the executors of the estate of R. P. Faulkner; that offered in evidence in support of such allegation was according to its terms, made and executed to J. D. Faulkner and C. C. Bland executors." Here was an allegation of one note and proof of another. An allegation of one cause of action and proof of another. There may have been in existence the two notes, the one declared on and the one proved; and, certainly, the allegation as to one would not be supported by the introduction of the other. But in the case before us, there is but one cause of action, and that, the liability of defendant to pay the costs by reason of becoming the owner of the claim which was in suit, and prosecuting it at his own expense for himself. This claim and defendant's liability was correctly described and there was no variance between it as declared on and as proved. The only difference was as to the mode of the transfer of the claim in suit from the original holder and plaintiff, to this defendant. The "cause of action" here, is the liability of defendant for the payment of those costs founded on the claim of *Fetters v. McElroy*, and it is proved as charged; but there is a discrepancy between the allegation and proof as to the mode whereby defendant obtained the title to the claim then in suit. Suppose in the case of *Faulkner v. Faulkner, supra,* the proof as to the payees of the note had corresponded with the allegation, but the note had changed hands by successive endorsements and the charge in the petition had contained one more, or one less assignment than the proof showed; would it have been said that this was a failure of proof "of the cause of action in its entire scope and meaning?" We apprehend not. The fact of the assignment here being to Hughes and Raley can make no difference, as either is liable to the action, and plaintiff

can not be held to know how defendant obtained his title to the right of action purchased of Fetters. The other cases cited by defendant are equally inapplicable.

This being a case of variance only, defendant should have stated his surprise by affidavit, and having failed to do so, he can not now complain. *Clements v. Maloney*, 55 Mo. 353.

As to the second point, viz. : that there are several causes of action stated in one count, it does not appear that defendant made any objection by way of demurrer to this defect, and not having done so, he has waived it. The cases of *Hoagland v. Ry. Co.* (39 Mo. 451), and other cases cited by defendant to the effect that the point may be made by motion in arrest, have long since been overruled. *House v. Lowell et al.*, 45 Mo. 381 ; *Pickering v. The Mississippi Valley National Telegraph Co.*, 47 Mo. 457 ; *The Union Bank of Trenton v. Dillon*, 75 Mo. 380. We assume that the defendant had overlooked this, as, if known, candor and fair dealing with the court, would have required a statement of the facts.

The third objection is not well taken. There is a statement of the account due each party, and if it be conceded there should have been a more particular statement of the items, defendant should have "moved that the petition be made more definite and certain." *Meyer v. Chambers*, 68, Mo. 626.

As to the fourth point we believe the petition does state a cause of action. Though defendant was not substituted as party plaintiff in that action, yet he was the owner of it, controlled it and made the costs in it, after his purchase, and it is shown that he is only held liable by the circuit court for the costs made after his ownership and assumption of control of the action. The proof was that all the costs were made in behalf of the plaintiff in that action, and that defendant had stated at different times that he was prosecuting the suit at his own expense and for himself. There is no contradiction of this portion of the deposition of the witness Fetters. Notwithstanding he was not substituted as a party, we know

of no good reason why he, the real party, may not, when discovered, be held liable for those debts which he created.

The judgment is affirmed. Hall, J. concurs; Philips, P. J., dissents.